# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:12-cv-535-FDW
### (3:06-cv-471-FDW)
### (3:02-cr-00199-FDW-1)

| | | |
|---|---|---|
| **RANDOLPH HUNT,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| **v.** | **)** | |
| | **)** | **ORDER** |
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Respondent.** | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

## I.  BACKGROUND

On June 16, 2004, Petitioner was sentenced by the Honorable H. Brent McKnight to 360-months in prison for conviction of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). (3:02-cr-199, Doc. No. 89: Judgment in a Criminal Case at 1-2). On June 28, 2004, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 90).

The Fourth Circuit upheld Petitioner's conviction and sentence after concluding that Petitioner's argument that he was entitled to relief under United States v. Booker, 543 U.S. 220 (2005), based on an allegedly erroneous drug quantity relied upon by the Court, was without merit as Petitioner had stipulated that he was responsible for in excess of 1.5 kilograms. The Court also rejected Petitioner's challenge to his 360 month sentence on the ground that the

1

district court erred in enhancing his sentence 2 levels for use of a dangerous weapon. The Court concluded that with or without the 2-level enhancement, Petitioner would was still have been sentenced within the same Guideline range, that is, 360 months to life. United States v. Hunt, 153 F. App'x 903, 904-05 (4th Cir. 2005) (unpublished). (Doc. No. 102). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States.

Instead, Petitioner next filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on November 16, 2006. (3:06-cv-471). The Court rejected Petitioner's arguments and granted the Government's motion for summary judgment. (Doc. No. 13). Petitioner did not appeal from this judgment. Rather, Petitioner filed a motion to amend or correct what he contended were errors in his Presentence Investigation Report regarding prior criminal convictions that he asserted were invalid. (Doc. No. 13 at 1). The Court denied this motion upon concluding that Petitioner's motion was an attack on his sentence and as such must be brought by way of a motion under Section 2255.  Petitioner noted an appeal from this Order. (Doc. No. 14). The Fourth Circuit affirmed the Court's order and rejected Petitioner's argument that he could properly challenge his prior convictions and their inclusion in the calculation of his criminal history. The Court found that "this belated challenge to his criminal history category cannot be remedied by way of a Rule 36 motion or a § 3852 motion." United States v. Hunt, 400 F. App'x 725, 726 (4th Cir. 2010) (unpublished).

On August 17, 2012, Petitioner filed the present Section 2255 motion contending the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), rendered him legally innocent of his status as a "851 Recidivist." (3:12-cv-535. Doc. No. 1 at 4). More specifically, Petitioner argues that the predicate convictions relied upon by the Court in calculating and imposing his sentence were convictions, based on the reasoning in Simmons, for

which Petitioner could not have received a sentence in excess of one year. Accordingly, Petitioner asserts that the convictions are no longer properly considered predicate felonies for purposes of sentencing enhancement and he is therefore "actually innocent."

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of, as is relevant to the present case: (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

As discussed above, Petitioner previously filed a Section 2255 motion which was denied and dismissed. The question then for consideration is whether the present Section 2255 motion is permissible absent authorization from the Fourth Circuit. Under the AEDPA, "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255(h). Petitioner has provided no evidence that he has obtained the necessary

3

authorization from the Fourth Circuit to file a successive petition.

Petitioner contends that this Court has jurisdiction to consider the merits of the present Section 2255 motion on the ground of equitable tolling. Petitioner is certainly aware that his Section 2255 motion was filed well outside the one-year time limitation set forth in the AEDPA. Petitioner explains that the Simmons Court's interpretation of Carachuri-Rosendo entitles him to equitable tolling. In order to be entitled to equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner has presented a claim entitling him to no relief, therefore even if Petitioner's motion were not successive, equitable tolling could not apply because he has no right to collateral relief. Moreover, as Petitioner's Section 2255 is a successive petition and it appears from the record that Petitioner has not received authorization from the Fourth Circuit to file such a petition, the Court is therefore without jurisdiction and will not rule on the merits of Petitioner's motion.

To the extent Petitioner argues that he could not have properly raised his Simmons argument in the previous Section 2255, he is right. The law was well-settled at the time of his conviction and sentencing and during the time he pursued relief through his first collateral proceeding: Prior convictions were adjudged from the perspective of a defendant with the worst possible criminal history under North Carolina's Structured Sentencing Act.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In

4

reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

That Petitioner could not have raised the Simmons argument in challenges to his sentence prior to August 17, 2011, is of no consequence. As the Court has found, Petitioner has not obtained the necessary authorization to file a successive petition. And in any event, Petitioner's argument that his prior convictions do not qualify is simply without merit. According to his PSR, Petitioner was convicted of a host of prior convictions for drug offenses, any two of which would have qualified him as a Career Offender based on sentences imposed which exceeded one year. For example, possession of cocaine (2-years imprisonment, suspended, PSR ¶ 37); possession of cocaine (5-years imprisonment, PSR ¶ 38); trafficking in cocaine (35-42 months, PSR ¶ 40); possession with intent to sell and deliver a controlled substance (11-14 months, suspended, PSR ¶ 41); and trafficking in cocaine (35-42 months, suspended, PSR ¶ 42). The Court observes that Petitioner's argument that he is entitled to relief because some of the sentences were suspended is without merit. Simmons held that it is the actual sentence a particular defendant under scrutiny receives which must exceed one year and a day; it is of no moment that the sentence may actually have been suspended.

_____ The Fourth Circuit explained:

> Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony ..., the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment. Thus, following Simmons, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, could have

5

received a sentence in excess of one year for the offense,

United States v. Thompson, 2012 WL 1592991, at *2 (4th Cir. 2012) (unpublished).


As it is clear from the record that Petitioner has not obtained authorization from the Fourth Circuit to file a successive Section 2255 motion, the Court must dismiss the present action.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 5, 2012

Frank D. Whitney
**United States District Judge**

6